RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
1/7/15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TRAVIS DENORRIS ARNOLD | DOCKET NO. 14-CV-3311; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| U.S.A. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Pro se Petitioner Travis Denorris Arnold, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP") incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner attacks his conviction and sentence imposed in the United States District Court for the Middle District of North Carolina.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

Petitioner was indicted on, and convicted at trial of, a single count of bank robbery in violation of 18 U.S.C. §2113(a). [1:08-cr-322, M.D.N.C.] He was sentenced to 230 months of imprisonment, and his conviction and sentence were affirmed on appeal. See U.S. v. Arnold, 378 Fed.Appx. 361 (4th Cir. 2010). Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255, claiming ineffective assistance of

counsel, and challenging the validity of his indictment[1] and the court's jurisdiction. See Arnold v. U.S., 2012 WL 3265009 (M.D.N.C. 2012). In making a report and recommendation as to Petitioner's 2255 motion, the North Carolina court noted that all of Petitioner's allegations regarding flaws in the indictment were based on either pure speculation or simple misunderstandings. For example, Petitioner speculated that the grand jury may not have followed the dictates of Fed.R.Crim.P. 6(f), which requires that the indictment must be returned to a magistrate judge in open court and that twelve jurors must concur in the indictment. However, he produced no evidence to that effect. Petitioner's indictment was returned to the magistrate judge in open court after at least twelve jurors concurred, which was confirmed by an affidavit from the court reporter who was present for the return. Id., citing Docket No. 101, Ex. C. Additionally, Petitioner claimed that the indictment was not signed by the grand jury foreperson. However, the copy of the indictment placed in the record was signed by the foreperson, but that person's signature had been redacted. Id. The court noted that nothing was amiss with the indictment in Petitioner's case. Petitioner asserted that not all of the potential witnesses and evidence against him were presented to the

---

[1] Petitioner questioned whether the indictment was returned by a grand jury convened on a regular term of court, returned in open court, concurred with by at least twelve jurors, and signed by the foreperson. See Arnold v. U.S., 2012 WL 3265009 (M.D.N.C. 2012).

grand jury prior to his indictment. However, there was no requirement that all possible evidence against a defendant be presented to the grand jury or, for that matter, even at trial.

Additionally, Petitioner claimed that the indictment failed to plead all of the elements of the offense, and that the court lacked jurisdiction.  The court concluded that elements of bank robbery were in fact properly set forth in the indictment and presented to the jury. Petitioner complained that the indictment did not allege that he acted with "knowledge," "intent," or "willfully," or that he did not have permission to take the money.  Such allegations were not required. The indictment tracked the language of §2113(a), which did not include anything about knowledge, intent, acting willfully, or a lack of permission.  The court noted that an indictment that tracks the language of the statute alleged to have been violated is ordinarily sufficient. See id., citing United States v. Whorley, 386 F.Supp.2d 693, 699 (E.D.Va.2005)(citing United States v. Wicks, 187 F.3d 426, 427 (4th Cir.1999)). As for jurisdiction, the court found that the indictment alleged that Petitioner violated a criminal statute of the United States in the Middle District of North Carolina, which was sufficient to establish jurisdiction. U.S. Const. art. III, §2. See id.; Arnold v. U.S. 2012 WL 3265007 (M.D.N.C. 2012)(adopting report and recommendation of magistrate judge).

Petitioner has filed numerous writ applications in the Fourth

Circuit Court of Appeal and petitions in this district court, all of which have been denied and/or dismissed. In the instant petition, he complains again about the validity of his indictment and also alleges that his custody is in violation of the "Take Care Clause."

### *Law and Analysis*

In this case, Petitioner is attempting to collaterally attack his conviction and sentence, claiming that the indictment is invalid and that his custody is illegal under the under the "Take Care Clause" of the Constitution. A collateral attack of a conviction or sentence should be raised in a motion to correct, vacate or set aside sentence under 28 U.S.C. §2255. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000).

Title 28 U.S.C. §2241 is generally used by prisoners to attack the *manner* in which a sentence is carried out, or to challenge the prison authorities' determination of the duration of the sentence. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Petitioner is not challenging the *execution* of his sentence or calculation of his sentence. Instead he complains of errors that allegedly occurred at or before sentencing, which should be raised in a §2255 motion.

Petitioner has already had a 2255 motion adjudicated on the merits. Section 2255(h) provides that in order to file a second or successive Section 2255 motion, a prisoner must show that the

motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255(h). Such a determination must be made by a three-judge panel of the court of appeals before the successive motion is filed in federal district court. **Petitioner has not obtained permission from the appropriate Court of Appeals to file a successive 2255 motion.**

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 is not a substitute for a motion to vacate. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001), cert. denied, 534 U.S. 1001 (2001). A prisoner may use Section 2241 as the vehicle for attacking his conviction **if** it appears that the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255. The burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. See Jeffers, 253 F.3d at 830. A prior unsuccessful Section 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make Section 2255 inadequate or ineffective.

To show that the remedy under §2255 is inadequate or ineffective, Petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original §2255 petition. <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." <u>Id.</u> at 903. Petitioner does not identify any retroactively applicable decision establishing that he was convicted of a non-existent offense.

Thus, Petitioner cannot demonstrate that §2255 is inadequate or ineffective, and before proceeding with a successive petition, he must seek permission from the appropriate court of appeals.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being

served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 7th day of January, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE